**ORIGINAL**

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
DEC 13 2001
CLERK, U.S. DISTRICT COURT
By _____ Deputy

------------------------------------------------x
)
**ROBERT M. SEGIL**, et al., on behalf of )
himself and all others similarly situated )
) Civil No. 3:98-CV-2593-H
) consolidated with
Plaintiffs ) CA-3:98-CV-2833-H
v. )
)
**Dynamex, Inc.**, et al. )
)
Defendants )
)
------------------------------------------------x

### AFFIDAVIT OF JEROME M. CONGRESS IN SUPPORT OF MOTION TO DISTRIBUTE CLASS SETTLEMENT FUNDS AND OTHER RELIEF

STATE OF NEW YORK    )
                     ) SS.:
COUNTY OF NEW YORK   )

JEROME M. CONGRESS, being first duly sworn, deposes and says:

1.  I am a member of the firm of Milberg Weiss Bershad Hynes & Lerach LLP, one of Plaintiffs' Lead Counsel in the above-referenced action. I make this affidavit in support of Plaintiffs' motion, pursuant to paragraph 9 of the Stipulation and Agreement of Settlement With Certain Defendants, dated as of December 15, 2000 (the "December 15 Stipulation"), and pursuant to paragraph 9 of the Stipulation and Agreement of Settlement With Deloitte & Touche, dated as of April 2, 2001 (the "D&T Stipulation"), for an order pursuant to Rule 23(e) of the Federal Rules of Civil Procedure (i) approving the administrative determinations of the Claims Administrator, Gilardi & Co. LLC, accepting and rejecting claims submitted herein; (ii) directing

123

payment of $49,392 out of the cash Settlement Fund to Gilardi & Co. LLC for the balance of its fees and expenses in connection with giving notice to the Class, in the processing the Proofs of Claim, the administration of the Settlements, distribution of the Net Cash Settlement Fund, and calculation of the entitlements to Net Settlement Shares; (iii) directing payment of $5,000 out of the cash Settlement Fund to the Certified Public Accounting firm of Richard A. Eisner & Co. LLP, the tax accountants for the Settlement Fund, for its fees and expenses in connection with preparing tax returns for the Settlement Fund for the years 2000 and 2001; (iv) directing distribution of the Net Cash Settlement Fund, after the deduction of the payments requested herein, to Class Members whose Proofs of Claim have been accepted ("Authorized Claimants"); (v) approving the allocation of the Net Settlement Shares among Authorized Claimants; (vi) authorizing destruction of paper copies of Proof of Claim forms one year after distribution of the Net Cash Settlement Fund, and authorizing destruction of electronic copies of claim records three years after distribution of the Net Cash Settlement Fund; and (vii) authorizing an eventual re-distribution and disposition of any monies remaining in the Net Cash Settlement Fund by reason of returned or uncashed checks or otherwise.

2. Pursuant to an order of this Court dated April 18, 2001, this Action was certified to proceed as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure for the purposes of the Settlements described herein. The Class was defined as all persons who purchased the common stock of Dynamex between September 18, 1997 and September 17, 1999, inclusive, and sustained a loss thereby. All such persons are hereinafter referred to as "Class Members" or the "Class."

## Administrative Determinations Accepting or Rejecting Claims

3.  Under the terms of the December 15 Stipulation, $4,402,500 in cash and 1,000,000 freely tradeable shares of common stock of Dynamex (the "Settlement Shares") have been obtained for the Class. Under the terms of the D&T Stipulation, an additional $2,018,250 was recovered. The cash, less attorneys' fees and expenses previously awarded, and less administration costs (the "Net Settlement Fund"), and the Settlement Shares less attorneys' fees and expenses previously awarded (the "Net Settlement Shares"), are to be distributed to all Authorized Claimants in proportion to their Recognized Claims.

4.  Class Members were required to submit Proof of Claim forms to share in the distribution of the Net Cash Settlement Fund and Net Settlement Shares. This Court has reserved jurisdiction with respect to the administration of the Settlements, and the distribution of the Net Cash Settlement Fund and Net Settlement Shares.

5.  Plaintiffs retained the firm of Gilardi & Co. LLC to mail and publish notice to the Class, to act as the Claims Administrator, to process all claims submitted by Class Members in this action and calculate their Recognized Claims, to distribute the Net Cash Settlement Fund to Authorized Claimants in proportion to their Recognized Claims, and to compute the number of Net Settlement Shares allocable to each Authorized Claimant in proportion to their Recognized Claims. The processing procedures and the basis of the distribution are described in the annexed affidavit of D. Lee Janvrin (the "Janvrin Affidavit"). As shown therein, Gilardi & Co. LLC performed a thorough review of each claim submitted, and Plaintiffs respectfully request that this Court enter an Order approving the determinations of Gilardi & Co. LLC accepting and rejecting the claims submitted herein, and calculating the Recognized Claim amounts.

6. Approximately 38 claims were received after the July 27, 2001 submission deadline. No claim has been rejected because it was received after the initial submission deadline and we believe no delay has resulted from these claims. It is our belief that when the equities are balanced, it would be unfair to prevent an otherwise valid claim from participating in the Settlements solely because it was submitted after the cut-off date, when it was submitted while the claims were still being processed. Accordingly, it is respectfully requested that this Court approve the administrative determination not to reject claims submitted after the July 27, 2001 deadline because of lateness.

7. However, there must be a final cut-off after which no more claims may be accepted in order that there may be a proportional distribution of the Net Cash Settlement Fund and Net Settlement Shares. Acceptance of any claim received after the date of this application would necessarily require a delay in the distribution. Accordingly, it is also respectfully requested that an Order be entered that no claim submitted after November 30, 2001, a date during the preparation of this application, be accepted for any reason whatsoever.

8. It is respectfully requested that the Court approve the administrative actions accepting and rejecting claims as set forth herein and in the Janvrin Affidavit.

### Fees and Expenses of Claims Administrator and Tax Accountant

9. Paragraph 9 of both the December 15 Stipulation and the D&T Stipulation provide that "Plaintiffs' Lead Counsel will apply to the Court, on notice to [Defendants'] Counsel, for an order (the "Class Distribution Order") approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the claims submitted herein and approving any fees and expenses not previously applied for, including the fees and

expenses of the Claims Administrator." Further, the Notice of Pendency of Class Action, Hearing on Proposed Settlements and Attorneys' Fee Petition and Right to Share in Settlement Funds advised Class Members that "Plaintiffs' Counsel, without further notice to the Class, may subsequently apply to the Court for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the members of the Class." In addition, in this Court's Orders and Final Judgments, dated June 29, 2001, the Court retained exclusive jurisdiction over the parties and the Class Members "for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulations and the Orders and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class."

10. Plaintiffs' Counsel are not requesting any additional attorneys' fees or expenses at this time.

11. Plaintiffs request that the Court authorize payment of $49,392 to Gilardi & Co. LLC in final payment of the balance of its fees and all its expenses (which total $62,346) for its services in mailing and publishing notice to the Class, processing the claims, distributing the Net Cash Settlement Fund to accepted claimants, and allocating of the Net Settlement Shares among Authorized Claimants, as requested in the Janvrin Affidavit.

12. Plaintiffs also request that the Court authorize payment of $5,000 to the Certified Public Accounting firm of Richard A. Eisner & Co. LLP, the tax accountants for the Settlement Funds, for its services in connection with determining the estimated and annual tax obligations of

the Settlement Funds and for preparing the Tax Returns for the Settlement Funds for the years 2000 and 2001. Annexed hereto as Exhibit A is a copy of their invoice for these services.

### Final Distributions of Net Settlement Proceeds

13. It is also respectfully requested that the Court enter an Order authorizing distribution of the Net Cash Settlement Fund to the Authorized Claimants, and approving the allocation of the Net Settlement Shares among Authorized Claimants as described in the Janvrin Affidavit.

14. In order to allow the final distribution of the Net Cash Settlement Fund and the Net Settlement Shares it is necessary to bar any further claims and to provide that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Funds be released and discharged from any and all claims arising out of such involvement beyond the amount allocated to them.

### Disposition of Any Unclaimed/Uncashed Balance

15. It may be expected that not all of the 769 checks to be distributed to Authorized Claimants will be cashed promptly. In order to encourage Authorized Claimants to promptly cash their checks and to avoid or reduce future expenses relating to unpaid checks, we propose that all the distribution checks bear a notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE." We submit that Plaintiffs' Lead Counsel and the Claims Administrator should be authorized to take appropriate action to locate and or contact any eligible claimant who has not cashed his, her or its check after this 180 day period, with the costs of such services to be payable from the unclaimed/uncashed monies

remaining in the Net Cash Settlement Fund. We further submit that after one year after the initial distribution of the Net Cash Settlement Fund to Authorized Claimants, and after appropriate efforts have been made to locate and distribute funds to Authorized Claimants who do not cash their distribution checks, any remaining unclaimed/uncashed monies in the Net Cash Settlement Funds should be re-distributed to Authorized Claimants who have cashed their checks, provided that they would receive at least $10.00 on such re-distribution based on their Recognized Claims, after payment of any unpaid costs or fees incurred in administering the Net Settlement Funds for such re-distribution. If after six months after such re-distribution (i.e. at least eighteen months after the initial distribution) any funds shall still remain in the Net Cash Settlement Fund, it is respectfully submitted that in order to close the fund any such balance should be contributed to charity.

## Conclusion

16. Wherefore it is respectfully submitted that this motion should be granted in all respects. A proposed form of Order reflecting the requests herein is annexed to the Notice of Motion as Exhibit A.

_____
Jerome M. Congress

Sworn to before me this 12th
day of December, 2001

_____
Notary Public

MARILYN GELLER
Notary Public, State of New York
No. 01-GE4725644
Qualified in Queens County
Commission Expires Nov. 30 2002

- 7 -